Citation Nr: 1326648 
Decision Date: 08/21/13 Archive Date: 08/29/13

DOCKET NO. 11-21 164 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines


THE ISSUES

Entitlement to service connection for the cause of the Veteran's death. 


ATTORNEY FOR THE BOARD

J. Murray, Associate Counsel 


INTRODUCTION

The Veteran served on active duty in the United States Navy from October 1942 to March 1946. The Veteran died in March 2003, and the appellant is the Veteran's surviving spouse.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Manila, the Republic of the Philippines (RO). 

It is noted that the appellant also initiated an appeal as to the assigned effective date of October 6, 2009 for the award of death pension. In her notice of disagreement, the appellant stated that she should be award an effective date in July 2003 for the grant of death pension, the date that she originally filed her claim. In a June 2011 administrative decision, the appellant was awarded an effective date of July 1, 2003 for the grant of death pension. As this demonstrates a grant of the full benefit sought by the appellant, the matter is no longer on appeal. 

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

On her July 2011 VA Form-9, substantive appeal, the appellant indicated her desire to testify before a member of the Board via a videoconference hearing. While the appellant was afforded a Decision Review Officer (DRO) hearing at the RO in February 2012, there is no indication of record that she has withdrawn her request for a hearing before a Member of the Board. 

Pursuant to 38 C.F.R. § 20.700 (2012), a hearing on appeal before the Board will be granted if a claimant expresses a desire to appear in person. Videoconference hearings are scheduled by the RO. See 38 C.F.R. § 20.704(a) (2012). Thus, a remand of her appeal is necessary in order to afford her with her requested hearing as to this matter.


Accordingly, the case is REMANDED for the following action:

The Manila RO should take appropriate steps in order to schedule the appellant for a VA videoconference hearing with a member of the Board in accordance with her July 2011 request. The appellant should be notified in writing of the date, time, and location of the hearing. After the hearing is conducted, or if the appellant withdraws the hearing request or fails to report for the scheduled hearing, the claims file should be returned to the Board in accordance with appellate procedures.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).




_________________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).